IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANDRE WILLIAMS,<br>    TDCJ-CID #12312494, | §<br>§<br>§ | |
| VS. | § | CASE NO. 2:11-CV-098 |
| | § | |
| UNITED STATES DISTRICT COURT,<br>    ET AL. | §<br>§ | |

**ORDER DENYING PLAINTIFF'S RULE 59(e) MOTION
TO ALTER OR AMEND JUDGMENT**

Pending is plaintiff's motion to alter or amend judgment for good cause, filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (D.E. 10). For the reasons stated herein, plaintiff's motion is denied.

**I.    Procedural background.**

Plaintiff is a Texas state prisoner currently confined at the McConnell Unit in Beeville, Texas.

On April 1, 2011, plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated in his habeas corpus proceeding, and he named as defendants the United States District Court for the Southern District of Texas, Houston Division and United States District Judge Nancy Atlas. (D.E. 1).

On April 18, 2011, the Court dismissed plaintiff's action as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (iii), and §1915A(b)(1) and (2), and entered final judgment that plaintiff take nothing on his claims. (D.E. 8, 9). The Court found that plaintiff's claims against Judge Atlas were no more than objections to her rulings in his federal habeas corpus

proceeding, and as such, that she was entitled to absolute judicial immunity. It was also noted that plaintiff's claims against Judge Atlas had previously been reviewed and rejected on appeal.

Further, the Court found that, because Judge Atlas was entitled to absolute judicial immunity, she was from any claims for monetary relief, thus requiring dismissal of plaintiff's claims. Finally, the Court found that any claims against Judge Atlas in her official capacity were claims against the United States, and barred by sovereign immunity.

On May 2, 2011, plaintiff filed the instant Rule 59(e) motion to alter or amend judgment.[1] (D.E. 10).

**II.    Discussion.**

A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). A Rule 59(e) motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Id. Importantly, a Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and a party cannot attempt to obtain "a second bite at the apple" on issues that were previously addressed by the parties and the Court. North Cypress Medical Center Operating Co. v. Blue Cross Blue Shield, ____ F. Supp. ____, 2010

---

[1] Because plaintiff's motion was filed within twenty-eight (28) days after the entry of judgment, it is considered brought pursuant to Rule 59(e). See Days v. Johnson, 322 F.3d 863, 865 n.3 (5th Cir. 2003) (per curiam); Bass v. Department of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000); Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000).

WL 2245075 at * 1 (S.D. Tex. Jun. 2 2010) (citation omitted).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  Templet, 367 F.3d at 479.

**III.    Analysis.**

Plaintiff's Rule 59(e) motion fails to establish manifest error or offer newly discovered evidence to support Rule 59(e) relief.

The basis of plaintiff's Rule 59(e) motion is that the Court: (1) "misconstrued the nature and substance" of his claims; (2) "erroneously added a claim NOT MADE by plaintiff" to effectively misstate the entire complaint; and (3) erroneously added defendants NOT NAMED or intended to be named" as defendants. (D.E. 10 at 1) (plaintiff's emphasis).  Plaintiff explains that he is not challenging the habeas corpus proceeding *itself*, but instead, a summary judgment proceeding within his habeas corpus proceeding.  He clarifies:

> The Plaintiff's Complaint alleges that Defendant (USDC–HOU., N. Atlas-J.) under color of law violated the Plaintiff's constitutionally guaranteed rights of due process ( 5th amend.); equal protection of laws (implicit in the 5th amend.); and right to trial by jury (6th amend.) when the presiding judge N. Atlas arbitrarily and deliberately disregarded the constitution and federal laws governing Summary Judgment proceedings codified under Rule 56, F.R.C.P., 28 USC; also disregarding Rule 1, F.R.C.P. and 28 USC § 2072 to then violate the judicial oath of office [Art. VI §§ 2,3 U.S. Consti.] by granting the Movant's Motion for Summary Judgment whereas such granting was precluded by federal law (Rule 56(c)) because the USDC-Hou. itself and both parties acknowledged the existence of controverted genuine material facts. ...

(D.E. 10 at ¶ 2.0).

Plaintiff's argument that his challenge to Judge Atlas' handling of the summary judgment proceeding is not a challenge to the habeas corpus proceeding is a distinction without difference. He objects to her decisions regarding the presence of genuine issues of material fact and her rulings

following those filings.  No matter how he frames his arguments, plaintiff's objections to Judge Atlas' summary judgment ruling or his characterization of her conduct as unconstitutional are still merely challenges to her administration of his case, and are not cognizable under § 1983 for all the reasons stated in the order of dismissal.  (See D.E. 8 at 3-5).

Plaintiff also contends that this Court erroneously found that he was attempting to state a claim of judicial bias and that he was suing the United States.  In fact, the Court merely pointed out that plaintiff's allegations against Judge Atlas would not state a claim of judicial bias, let alone rise to the level of a constitutional violation.  Further, the Court did not add the United States as a defendant, but simply noted that, *if* plaintiff was suing Judge Atlas in her official capacity, such a claim would be against the United States and barred by sovereign immunity.  Thus, plaintiff's objections are without merit.

**IV.   Conclusion.**

There was no manifest error of law, and there is no new evidence to support plaintiff's Rule 59(e) motion.  Accordingly, plaintiff's Rule 59(e) motion (D.E. 10) is denied.

ORDERED this 27th day of May, 2011.

_____
Janis Graham Jack
United States District Judge